UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE OGUES,<br><br>    Plaintiff,<br><br>    v.<br><br>HEALTHSOURCE GLOBAL STAFFING INC.,<br><br>    Defendant. | Case No. 14-cv-00380-TEH<br><br>**ORDER REMANDING CASE** |

This matter came before the Court on April 7, 2014, on Plaintiff's motion to remand. Having considered the arguments of the parties and the papers submitted, the Court GRANTS Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

On May 30, 2013, Plaintiff Alice Ogues ("Ogues") filed a class action suit in the Superior Court of California, Los Angeles County, alleging four state law causes of action against her former employer, Defendant Healthsource Global Staffing, Inc. ("Healthsource"), for failure to provide its employees meal and rest breaks, or to compensate them with premium wages for denying them such breaks. Ogues brings the following causes of action: (1) failure to provide meal periods, Cal. Labor Code §§ 204, 223, 226.7, 512, 1198; (2) failure to provide rest periods, Cal. Labor Code §§ 204, 223, 226.7, 1198; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200 *et seq.*; and (4) failure to timely pay all final wages, Cal. Labor Code §§ 201-203. The complaint states that the class's "aggregate claim is under the $5,000,000 threshold for Federal jurisdiction[] under the Class Action Fairness Act of 2005." Complaint at ¶ 3.

On August 15, 2013, the parties stipulated to transfer the case to the Superior Court, Alameda County. On January 20, 2014, during a discussion to schedule Ogues's deposition, Healthsource learned that Ogues is a resident of Nevada. Based on this

1  information, and its belief that the amount in controversy exceeds $5 million, Healthsource
2  removed the action to this Court claiming federal jurisdiction under the Class Action
3  Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2).  Under CAFA, district courts have original
4  jurisdiction over class actions in which the amount in controversy exceeds $5 million "and
5  any member of a class of plaintiffs is a citizen of a State different from any defendant."  28
6  U.S.C. 1332(d)(2).

7  Ogues moves to remand, arguing that Healthsource's removal notice was not
8  timely, and that Healthsource has not met its burden to show that the amount in
9  controversy exceeds $5 million.

**LEGAL STANDARD**

Generally, parties must file a notice of removal within thirty days of the defendant's receipt of the original pleading.  28 U.S.C. § 1446.  Where the initial pleading does not reveal that a case is removable, however, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.

The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).  "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981-82 (9th Cir. 2013).

**DISCUSSION**

**I.     Timeliness of Removal**

Ogues argues that Healthsource's removal notice was untimely because it was filed eight months after Healthsource first received her complaint, not within thirty days as she

alleges is required by 28 U.S.C. § 1446.  Her argument, however, ignores the remainder of the statutory language of § 1446 which states that where the complaint does not reveal a basis for removal, "a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.  Here, the complaint itself did not indicate the parties' diversity of citizenship.  Complaint.  Healthsource claims – and Ogues does not dispute – that it only learned of Ogues's Nevada citizenship and the resulting diversity in the case at a January 20, 2014 meeting to schedule Ogues's deposition.  Healthsource filed its notice of removal nine days later, on January 29, 2014.  Because the complaint did not reveal any basis for removal and Healthsource filed its notice of removal within 30 days of first ascertaining the diversity of citizenship in this case, Healthsource's notice of removal was timely under § 1446.

## II.     Jurisdictional Minimum Amount in Controversy

To support its position that the amount in controversy exceeds $5 million, Healthsource focuses only on Ogues's fourth cause of action, her claim for failure to timely pay all final wages under California Labor Code Sections 201-203.  Healthsource argues that the damages due under this cause of action alone exceed the jurisdictional minimum.  Under Labor Code Section 201, once an employee is discharged, the employee's earned and unpaid wages are due and payable immediately.  Under Section 203, if an employer fails to pay such wages immediately, the employee is entitled to an additional amount equivalent to his or her wage, for each day the wages continue unpaid, up to thirty days.  Healthsource argues that there are at least 300 people in the putative class.  It claims these 300 people worked 12-hour shifts, rendering their average daily wage $560, accounting for 8 hours at $40 per hour and 4 hours at an overtime rate of $60.  Multiplying $560 by 30 days, by 300 people, Healthsource estimates that the amount in controversy on this cause of action alone is $5,040,000.00.

Ogues argues that Healthsource's unsupported statements regarding the fourth

3

1  cause of action are insufficient to satisfy its preponderance of the evidence burden.
2  Although the Ninth Circuit has "not addressed the types of evidence defendants may rely
3  upon to satisfy the preponderance of the evidence test for jurisdiction, [it has] endorsed the
4  Fifth Circuit's practice of considering facts presented in the removal petition as well as any
5  'summary-judgment-type evidence relevant to the amount in controversy at the time of
6  removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.
7  2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.
8  1997)).

9       Here, Healthsource's only evidence is a declaration from its counsel, Michael A.
10  Maxey, made "of his own personal knowledge." Maxey Decl. ¶ 1. The declaration states
11  that there are over 300 former Healthsource employees who worked in California within
12  the three years prior to the filing of the action, who earned at least $40 per hour, and who
13  worked 12-hour shifts. Maxey Decl. ¶ 2. It explains that a "conservative estimate" of the
14  "daily gross pay of those employees is $560" and that the "matter in controversy exceeds
15  the sum or value of $5 million . . . because 300 employees multiplied by 30 days
16  multiplied by $560 is equal to $5,040,000.00." Maxey Decl. ¶ 4. Nowhere in the
17  declaration, however, does Maxey explain how he arrives at the number of employees who
18  allegedly form the putative class, the basis for the average wage information, or why every
19  putative class member would be entitled to the maximum 30 days of wages permitted.

20       While Maxey's statements may indeed be true, his declaration lacks sufficient
21  foundation. It provides no indication that his knowledge is based on a review of any
22  relevant business records or other reliable information. His declaration is not the type of
23  evidence that would be admissible at the summary judgment stage. *See Villiarimo v.*
24  *Aloha Island Air, Inc.*, 281 F.3d 1054, 1059, 1061 n.5 (9th Cir. 2002) (disregarding
25  declaration where the declaration in question included facts beyond the declarant's
26  personal knowledge and that provided no indication of how the facts were known to be
27  true). Healthsource's removal notice offers identical statements also unsupported by any
28  foundation or facts.

4

At the hearing, the Court expressed its concern that the declaration was not "summary-judgment type evidence" and asked Healthsource what additional evidence it could offer to meet its burden. Healthsource's counsel, Michael Maxey, did not suggest any, and said only that he believed the declaration met the summary-judgment standard and that the case could proceed on the declaration alone. As the Court concludes that Maxey's declaration is not "summary-judgment type evidence," and there is no other evidence to support Healthsource's position, Healthsource has failed to show, by a preponderance of the evidence, that the amount in controversy in this case exceeds $5 million. *See Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (affirming conclusion that Archstone did not establish amount in controversy where it merely "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion" and "assumed each class member was wrongly denied a break twice each week" but "failed to provide any evidence regarding why" it assumed that). Accordingly, there is no basis for federal jurisdiction in this case.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is granted. It is hereby ordered that this case is remanded to the Superior Court of California, Alameda County.

**IT IS SO ORDERED.**

Dated: 4/22/14

THELTON E. HENDERSON
United States District Judge

5